LABORDE, Judge.
This is a workmen’s compensation suit. The plaintiff, Michael Scott Hale, injured his back while in the course and scope of his employment with Courtney Equipment Company of Alexandria, Inc. (Courtney). Seeking benefits, medical expenses, penalties and attorney’s fees, plaintiff sued Courtney and Courtney’s workmen’s compensation carrier, North-West Insurance Company (North-West).[1]. Courtney and North-West filed third party claims against plaintiff’s subsequent employers, T. L. James and Company, Inc. (T. L. James) and McAdams Barbeque Restaurants, Inc. (McAdams), seeking contribution from them.
The trial court rendered judgment in favor of plaintiff and against Courtney and North-West for total and permanent disability benefits, medical expenses, penalties and attorney’s fees. The trial court dismissed defendants’ third-party demands against T. L. James and McAdams. Defendants, Courtney and North-West, appeal. We affirm.
It is undisputed that plaintiff, Michael Scott Hale, sustained a back injury on April 15, 1980, during the course and scope of his employment with Courtney. He notified his employer on the day of the accident and was sent to Dr. Daniel Kingsley. Mr. Hale was hospitalized for three days and placed in traction for an acute lumbosacral strain. Dr. Kingsley’s examination revealed that plaintiff was in such a degree of pain that he was unable to stand straight. He recommended plaintiff only perform light duty work.
Mr. Hale had continued complaints and was next examined by Dr. Donovan Perdue on May 2, 1980. Dr. Perdue prescribed muscle relaxers and bed rest. Plaintiff was then treated by Dr. John T. Weiss, an orthopedic surgeon. The first visit was on August 12, 1980. Dr. Weiss’ opinion was that Mr. Hale had a moderate amount of pain with probable disc pathology, either a bulge or herniation. Dr. Weiss later examined him on August 19, August 26, and November 14 of 1980, each time recommending hospitalization. However, in each instance the plaintiff declined hospitalization because he could not afford to pay for it, nor could he afford to miss work. On the November 14th visit, Dr. Weiss diagnosed a rather marked bulge or a rupture of a disc. Plaintiff had a mylogram on January 21, 1981, and a laminectomy on January 23, 1981.
After the accident, Mr. Hale returned to work for Courtney. On May 5, 1980, Mr. Hale quit his job with Courtney to work as an oiler with T. L. James. This job paid more and the duties were lighter. Because of the pain and on the advice of Dr. Weiss, plaintiff quit this job as an oiler on August 17, 1980. Mr. Hale was then employed by McAdams as a manager trainee from September, 1980, through December, 1980, when the restaurant closed. He has been unemployed since that time.
Demand for weekly compensation benefits was made on August 21, 1980. Subsequent to the demands, however, defendants refused to pay plaintiff any benefits. Plaintiff received his first benefits on Janu *1260 ary 21, 1981, in the amount of $3,404.00. On March 11, 1981, plaintiff received benefits in the amount of $1,332.00 and another check payable to Rapides General Hospital for $2,471.75.
The trial court found the plaintiff totally and permanently disabled as of the date of trial and found the defendants liable for penalties and attorney’s fees, awarding attorney’s fees of $5,000. It also dismissed the third-party demands against T. L. James and McAdams.
The defendants contend on appeal that the trial court erred in three respects; (1) in dismissing the third party demands of Courtney, (2) in awarding plaintiff penalties and attorney’s fees, and (3) in setting the attorney’s fee at $5,000.
LSA-R.S. 23:1031 provides that if an employee receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation as provided in the workmen’s compensation statutes. (Emphasis ours.) The trial court ordered Courtney’s third party claims against plaintiff’s subsequent employers dismissed because there was no showing of an “accident” involving plaintiff during either of these later employments.
The facts in the record clearly support the trial court’s dismissal of the third party claims on the basis of insufficient proof of an “accident”. No evidence was presented that any second accident or incident occurred during plaintiff’s employment with T. L. James or McAdams. Without such evidence, there is no basis to hold either of these two subsequent employers liable. The trial court did not err in dismissing the third party demands.
Defendants next contend that it was error to award penalties and attorney’s fees and alternatively that the attorney’s fee awarded was excessive.
It is undisputed that a disabling accident occurred while plaintiff was within the course and scope of his employment with Courtney. On August 22, 1980, plaintiff’s attorney sent a letter to Courtney’s compensation carrier demanding weekly compensation payments, payment of medical expenses incurred to date, and reimbursement of travel expenses. Enclosed was a medical report from plaintiff’s treating physician, Dr. Weiss, which clearly showed plaintiff’s disability was causally related to his accident while employed by Courtney. Notwithstanding this August 22, 1980, letter, plaintiff did not receive any weekly compensation benefits until January 21, 1981, when a draft of $3,404.00 was sent covering the period of August 4, 1980, through January 10, 1980. A second draft for $1,332.00 covering the period of January 11, 1981, through March 14, 1981, was received on March 11, 1981. At trial, no satisfactory explanation was offered as to why these benefits were not timely payed. We conclude such action was arbitrary, capricious, and without probable cause under LSA-R.S. 23:1201.2 and as a result, penalties and attorney’s fees were properly assessed.
Equally without merit is defendants’ contention that the award of $5,000.00 for attorney’s fees was excessive.
The attorney’s fee awarded plaintiff was well within the discretion of the trial court. Cullivan v. Fish Engineering and Construction Company, Inc., 354 So.2d 597 (La.App. 3rd Cir. 1977). Such an award for similar cases requiring approximately the same degree of skill and volume of work by the prosecuting attorneys has been upheld as reasonable. DeVillier v. Highlands Insurance Company, 389 So.2d 1133 (La.App. 3rd Cir. 1980) and Moreau v. Houston General Ins. Co., 386 So.2d 151 (La.App. 3rd Cir. 1980).
For the above and foregoing reasons, the trial court’s decision is affirmed and all costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.

. In his original petition, plaintiff incorrectly named as defendants Courtney Construction Company of Alexandria, Inc. and Mid-Continent Underwriters, Inc. By a supplemental and amending petition, the correct names, appearing above, were substituted.