509 So.2d 748 (1987)
London LaHAYE, Plaintiff-Appellant,
v.
WESTMORELAND CASUALTY COMPANY, Lee Boyton, Inc. and Lee Boyton Company, Defendants-Appellees.
No. 86-515.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*749 Michael B. Miller of Miller and Miller, Crowley, for plaintiff-appellant.
Arden J. Lea and David J. L'Hoste, Queen and Crescent Bldg., New Orleans, for defendants-appellees.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff-appellant, London LaHaye, filed suit for worker's compensation benefits against his employer, Lee Boyton, Inc. and its compensation carrier, Westmoreland Casualty Company. Plaintiff injured his back on November 1, 1983, while lifting a metal stairway on the job. At trial, plaintiff proved that his back surgery was medically necessary and that weekly compensation benefits of $194.00 were due. Plaintiff's claims for penalties and attorney's fees for delinquent payments were denied. The sole issue on appeal is whether the trial court erred in not awarding penalties and attorney's fees. We find in favor of plaintiff.
Plaintiff's only assignment of error contests the reasonableness of the trial court's finding that defendants did not act arbitrarily and capriciously in its tardy payments of worker's compensation benefits.[1]
*750 Plaintiff asserts that there were no logical reasons for the delays he had to endure before receiving his weekly compensation benefits.
Plaintiff was injured on November 1, 1983. He immediately notified his employer of his injury. Plaintiff did not receive his first compensation payment until December 16, 1983. The payment covered Nov. 2Dec. 10. Defendants willingly added $139.68 to the $1,358.00 payment in an attempt to cover the 12% penalty imposed by 23:1201(B) and (E). Plaintiff was next paid $1,358.00 on January 23, 1984 for the period covering Dec. 22, 1983Jan. 28, 1984. Mr. LaHaye was not compensated again until February 20, 1984 with a $582.00 payment for the period covering Jan. 28Feb. 20. Thereafter, plaintiff was promptly paid weekly benefits, but he had difficulty persuading defendants to reimburse him for medical expenses. Westmoreland was promptly notified of the $125.00 doctor's fee in December of 1983. The bill was not paid until trial (November of 1985). Similarly, a past due pharmacy bill ($30.54) was not paid until trial. The total delinquent amount is $3,453.54.
It is uncontradicted that these payments were late. Unless defendants can show that the late payments resulted from conditions over which the employer or insurer had no control or that the employee's right to such benefits had been reasonably controverted, LSA-R.S. 23:1201 mandates a 12% penalty payment. Theriot v. American Employees Insurance Company, 482 So.2d 648, 650 (La.App. 3d Cir.1986).
Westmoreland does not dispute plaintiff's right to the benefits. Westmoreland attempts to extricate itself from the duty of paying the penalty by pointing the guilty finger at Allied Adjusting Agency. Westmoreland became dissatisfied with Allied and subsequently hired Land & Marine Services to take over plaintiff's claim. Apart from showing that two separate companies serviced plaintiff's claim, Westmoreland could articulate no reason for the delays. Westmoreland, as principal, is imputed with the action, or inaction, of its agents. It cannot cordon itself with a rampart of agents and be protected from their slipshod practices. The trial court manifestly erred in not awarding the 12% penalty as demanded by plaintiff. We amend the award to grant an additional $274.75[2] to plaintiff.
Plaintiff also requests reasonable attorney's fees for the time spent in recovering the weekly compensation benefits and medical expenses. As noted above, attorney's fees are due when the employer or insurer fail to make payments due within sixty days after receipt of notice when the failure to pay is found to be arbitrary, capricious, or without probable cause. LSA-R.S. 23:1201.2. The trial court looked at the totality of Westmoreland's actions and determined that their actions were justified. We are unable to agree. As noted above, no satisfactory explanation was offered as to why these benefits were not timely paid. Rather, the errors seem to have been made by Westmoreland's agents not diligently reviewing and adjusting plaintiff's claim. This laxity will not be tolerated as it constitutes arbitrary and capricious action under LSA-R.S. 23:1201.2. Hale v. Courtney Equipment Company of Alexandria, Inc., 410 So.2d 1258, 1260 (La. App. 3d Cir.1982); Fredericks v. Associated Indemnity Corporation, 401 So.2d 575, *751 579 (La.App. 3d Cir.1981); Allor v. Belden Corporation, 382 So.2d 206, 213 (La.App. 3d Cir.1980). Plaintiff is entitled to reasonable attorney's fees for the prosecution and collection of the penalties awarded for delinquent payments of the benefits and medical expenses. Under the circumstances of this case we set attorney's fees for work at trial and appeal at $500.00.

DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it denies penalties and attorney fees. It is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, London LaHaye, and against defendant, Westmoreland Casualty Company, for penalties of $274.75 and attorney's fees of $1,000.00. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant, Westmoreland Casualty Company.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[1] The zeal of plaintiff's attorney may have pushed him to misstate the law. After citing the applicable statutes, LSA-R.S. 23:1201 and 1201.2, counsel represents that the "statute states that the employer shall be subject to the penalties and attorney's fees when the defense is without merit." (plaintiff's emphasis) We assume that he intended to represent what the statutes in fact provide. At the time of the injury, LSA-R.S. 23:1201, in pertinent part, provided:

"B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer has knowledge of the injury or death and resulting loss of income, on which date all such compensation then due shall be paid."
* * * * * *
"E. If any installment of compensation payable without an order is not paid within the time period provided in Subsections (B), (C), or (D) of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of compensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply. The twelve percent additional payment shall be assessed against either the employer or the insurer, depending upon who was at fault in causing the delay. No worker's compensation insurance policy shall provide that this sum shall be paid by the insurer if the director or the court determines that the twelve percent additional payment is to be made by the employer rather than the insurer. Any additional installment of compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee." (Emphasis ours)
LSA-R.S. 23:1201.2 provides:
"Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, to payment of all reasonable attorney's fees for the prosecution and collection of the difference between the amount paid or tendered and the amount due. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply to cases where the employer or insurer is found liable for attorney's fees under this Section. The provisions of R.S. 22:658 shall not be applicable to claims arising under this Chapter." (Emphasis ours)
[2] This figure is derived by taking 12% of the total delinquent amount ($3,453.54) which is $414.43, less the $139.68 previously paid by defendants.