PLOTKIN, Judge,
dissenting in parts, with written reasons:
I disagree with the majority’s decision denying plaintiff Melvin Lebeaud Sr.’s claim for attorney’s fees and penalties against the defendant City of New Orleans. Therefore, I respectfully dissent on that issue only.
The record is clear that the City received notice of the plaintiff’s accident and of the uncontested injuries which resulted from that accident. Additionally, the medical reports provided conclusive proof of the extent of the plaintiff’s injuries. There was no question that the injuries were sustained in the course and scope of the plaintiff’s employment with the City of New Orleans. Nevertheless, the City refused to pay worker’s compensation benefits, as required by LSA-R.S. 23:1031, which provides, in pertinent part, as follows:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
The consequences of an employer’s failure to fulfill the requirements of the worker’s compensation law are prescribed by LSA-R.S. 23:1201.2, as follows:
Any insurer liable for claims arising under this Chapter, and any employer whose liability for claims arising under this Chapter is not covered by insurance, shall pay the amount of any claim due under this Chapter within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney’s fees for the prosecution and collection of such claim....
Additionally, LSA-R.S. 22:658(C) provides for a penalty of $200 or 15 per cent of the face value of the check or draft, whichever is greater, against insurers who fail to settle a worker’s compensation claim timely-
In the instant case, the City not only failed to pay worker’s compensation benefits within 60 days of receipt of notice of the plaintiff’s claim, but also failed to present any evidence at trial to explain that failure. When an employer fails to present any evidence or other explanation for its failure to pay benefits, the employer’s actions are generally considered arbitrary, *630 capricious, and without probable cause. Hale v. Courtney Equipment Co., 410 So.2d 1258 (La.App. 3rd Cir.1982). Thus, the trial court improperly denied the plaintiffs claims for penalties and attorney’s fees.
The majority denies the plaintiffs claim for penalties and attorney’s fees on the grounds that the trial court addressed the issue when it denied the plaintiff’s motion for new trial and that the denial was not manifestly erroneous. I disagree. The record reveals that the plaintiff was clearly entitled to benefits. The defendant did not contest the plaintiff’s entitlement, but simply failed to pay benefits until ordered to do so by the trial court. Such action is obviously arbitrary, capricious, and without probable cause. The trial court’s decision to the contrary was manifestly erroneous and should be reversed.