653 So.2d 137 (1995)
Mary Faye DOZIER, Plaintiff-Appellee
v.
GARAN'S, INC., Defendant-Appellant.
No. 94-1363.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*138 R. Hamilton Davis, Lafayette, for Mary Faye Dozier.
H. Douglas Hunter, Opelousas, for Garan's, Inc.
Before YELVERTON, SAUNDERS and SULLIVAN, JJ.
SULLIVAN, Judge.
In this worker's compensation case, the issue presented is whether the hearing officer erred in awarding the claimant penalties and attorney's fees for the employer's initial refusal to authorize a MRI and for the subsequent delays in scheduling the procedure. For the following reasons, we affirm.

FACTS
On August 19, 1993, Mary Dozier injured her neck and her right shoulder allegedly within the course and scope of her employment with Garan's, Inc. The next day, August 20, 1993, she was seen by Dr. Corbett LaBouef, who prescribed muscle relaxers and released her to light duty status. Dr. LaBouef noted that Ms. Dozier would need further treatment but for an unknown period of time.
She was next seen by Dr. Thomas Dewey, III, who diagnosed her problem as a cervical and thoracic strain and recommended x-rays, a bone scan and physical therapy. Although Ms. Dozier's x-rays and bone scan were normal, her condition did not improve after several weeks of physical therapy. At that point, on October 19, 1993, Dr. Dewey recommended that Ms. Dozier undergo a MRI of the cervical spine.
On October 25, 1993, the employer's third party administrator, Liberty Mutual Insurance Company, refused to authorize this procedure, relying upon a report by its utilization review company, Focus Healthcare Management, that the MRI was not medically necessary. Dr. Dewey continued to treat Ms. Dozier conservatively, but he requested a review of Focus' decision. On January 25, 1994, Focus affirmed its denial of the claim for the MRI.
On January 11, 1994, Ms. Dozier filed a disputed claim with the Office of Worker's Compensation (OWC). On March 4, 1994, the OWC ordered that she undergo an independent medical examination to be performed by Dr. James Lafleur. After this examination, Dr. Lafleur issued a report wherein he stated, "I would recommend that the patient definitely have a MRI of the cervical spine as recommended by Dr. Dewey."
On April 19, 1994, counsel for Garan's, Inc. issued two letters, one to the OWC stating that Liberty Mutual would authorize the MRI and a second letter to Ms. Dozier's counsel instructing him to have his client schedule the test with authorization to come directly from Liberty Mutual's Metairie office.
*139 At this point, the evidence presented by either side conflicts as to the following events. It is apparently undisputed that Ms. Dozier presented herself to the medical facility three (3) times before the MRI was actually performed. What is in dispute is the source of this delay.
Ms. Brenda Broussard, the registration clerk at the Medical Center of Southwest Louisiana, testified that Ms. Dozier's MRI was initially scheduled for April 21, 1994. Ms. Broussard testified that when Ms. Dozier arrived that day she called Liberty Mutual and was told that coverage could not be verified without pre-certification. Ms. Broussard then called Liberty Mutual's pre-certification company, which requested more time before authorizing the procedure. When the pre-certification company did not get back with her that day, Ms. Broussard rescheduled Ms. Dozier's appointment for April 28, 1994. When Ms. Dozier appeared for the second time, on April 28, Ms. Broussard again called the pre-certification company and again could not get approval. She then spoke with someone at Liberty Mutual, who told her that Liberty Mutual would take care of the pre-certification itself. She testified that the procedure was not approved until April 29, 1994, the date that it was performed.
Mr. Timothy Pitre, a case manager with Liberty Mutual, denied that Liberty Mutual required pre-certification for Ms. Dozier's MRI. He testified that the case record showed that Liberty Mutual verbally authorized the procedure over the telephone with someone at the medical facility on April 21, 1994. He also stated that his records did not show any further contact with the medical center after that date. However, Mr. Pitre admitted that the authorization would not have been given by him, but by an adjuster named Claire Russell, who was not called to testify.
After taking the matter under advisement, the hearing officer rendered judgment in the claimant's favor, awarding her (1) the cost of the MRI, (2) a twelve percent (12%) penalty on the total cost of the MRI and (3) attorney's fees of $2,500.00.

OPINION
Garan's, Inc. argues on appeal that the hearing officer erred in awarding penalties and attorney's fees because (1) Garan's relied upon competent medical advice in the initial refusal to authorize the MRI and (2) the hearing officer should not have accepted the testimony of Ms. Broussard over that of Mr. Pitre. After careful review of the record, we find that neither argument is meritorious.
La.R.S. 23:1201(E) provides for a twelve percent (12%) penalty on any compensation or medical benefit that the employer/insurer fails to timely pay, unless the employee's right to such compensation or benefit has been "reasonably controverted." La.R.S. 23:1201.2 subjects the employer or insurer to the imposition of reasonable attorney's fees when the failure to pay any worker's compensation claim within sixty (60) days of notice is found to be arbitrary, capricious or without probable cause. The jurisprudence has held that an employer or insurer may avoid the imposition of penalties and attorney's fees if it relies upon "competent medical advice" in the decision not to guarantee the payment of a recommended medical treatment. Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir.1991), writ denied, 593 So.2d 381 (La.1992).
Whether the refusal to pay benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed in the absence of manifest error. Masters v. Scogin Auto Parts, Inc., 625 So.2d 319 (La.App. 3 Cir.1993), writ denied, 93-2749 (La. 1/7/94), 631 So.2d 450.
Masters, supra, illustrates the deference owed the trier of fact's decision to award penalties and attorney's fees. In that case, one issue was whether a treadmill was medically necessary for the treatment of the claimant's back condition. Before denying the claim for the treadmill, the adjuster personally spoke with two (2) physicians who gave conflicting opinions on the subject. In spite of these differing medical opinions, the hearing officer awarded penalties and attorney's fees for the failure to provide the treadmill. On appeal, this court found no manifest error and affirmed that decision, although we *140 indicated that we may have resolved the issue differently.
In the instant case, we cannot find manifest error in the hearing officer's award of penalties and attorney's fees. Dr. Dewey ordered the MRI only after Ms. Dozier failed to respond to conservative treatment. In his progress notes, he stated that he suspected her continuing problems were originating from the neck. The MRI was necessary to either confirm or disprove this suspicion. It is well settled that the injured worker is entitled to the medical expenses necessary to ascertain his medical condition. Menard v. Winn Dixie Louisiana, Inc., 93-1497 (La. App. 3 Cir. 6/1/94), 640 So.2d 775. We find that simply producing a different opinion from a nurse and a doctor who had not examined the claimant did not, at that stage, reasonably controvert the claimant's entitlement to the disputed medical expenses.
Nor can we find error in the hearing officer's favorable assessment of Ms. Broussard's testimony regarding the delays that ensued before the MRI was finally authorized. Mr. Pitre produced records indicating that Liberty Mutual immediately authorized the diagnostic test when first contacted by the medical facility. However, Mr. Pitre had no personal knowledge of the telephone conversation, which took place between Ms. Broussard and the adjuster, Claire Russell. In short, Ms. Dozier was forced to drive from her home in Abbeville to the hospital in Lafayette on three (3) separate occasions before she could receive a medical benefit that, according to Liberty Mutual's own records, should have been immediately authorized. We find no error in the judgment rendered by the hearing officer.
For the above reasons, the judgment of the Office of Worker's Compensation is affirmed. Costs of this appeal are assessed to defendant-appellant, Garan's, Inc.
AFFIRMED.