692 So.2d 476 (1997)
Richard D. JOHNSON, PlaintiffAppellee,
v.
APECK CONSTRUCTION, INC., DefendantAppellant.
No. 96-1283.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*478 William Travis Allison, Shreveport, for Richard D. Johnson.
Michael W. Whitehead, New Orleans, for Apeck Const., Inc.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
Following trial on the merits, the hearing officer concluded that plaintiff had established his entitlement to supplemental earnings benefits (SEB) equivalent to the difference of the amount of wages claimant could earn working full-time pre-injury wages and the part-time wages he was determined to be able to earn post-accident, 30 hours a week, plus medicals, $2,000.00 in penalties, and attorney's fees of $4,000.00, plus costs. The employer suspensively appeals. We affirm.
The following facts are undisputed. Defendant, Apeck Construction, Inc., had been hired to do certain construction at the airport in Leesville. On October 5, 1993, in order to reduce the amount of dust at its construction site, Apeck dispatched claimant to drive a water truck to a lake several miles away and fill it with water. The water was to be transported back to the construction site and sprayed to control airborne dust.
Upon arriving at the reservoir, claimant maneuvered the truck near the lake, uncoiled a hose so that its nozzle was positioned below the surface of the lake, then started the pump located on the truck. To determine whether the tank was filled in accordance with his instructions, claimant was required to climb onto the tank and perform a visual inspection. Claimant was injured when, descending from the tank, a bar used to support him broke. As a result, claimant fell some 10-12 feet and sustained injuries to his back and left shoulder.
It is undisputed that claimant received appropriate benefits until September 13, 1994, when his benefits were terminated. The main dispute before the hearing officer, and presently before this court, is what level of benefits, if any, were due for claimant's alleged disability between September 13, 1994, and March 7, 1995, at which time he returned to work elsewhere. Claimant contended that he was entitled to temporary total disability benefits. Defendant opposed this notion contending, as it does now, that claimant was entitled to no benefits at all since he could return to a job which defendant had offered him.
After listening to the testimony of claimant, his spouse, and his employer's vice-president, and reviewing claimant's medical records, the hearing officer concluded that it had been established that claimant could return to work, thus disqualifying him for temporary total disability benefits, but ruled that he was entitled to SEB's because he could not earn 90% of his pre-accident wages. While the hearing officer's reasons are not crystal clear, it would seem that this conclusion was based either on the finding that claimant could work no more than thirty hours per week or that the position offered by his employer only permitted him to work thirty hours per week. Based on its findings that claimant could work thirty hours per week, the hearing officer awarded claimant SEB benefits of $53.33 per week, which represents the difference between his proven pre-injury and post-injury earnings. Additionally, the hearing officer concluded that claimant was entitled to penalties of $2,000.00 for defendant's failure to timely provide certain medical services, plus attorney's fees of $4,000.00 and costs.
Defendant appeals each of these findings, which we address in turn.

SUPPLEMENTAL EARNINGS BENEFITS
At the outset, we observe that neither party quarrels with the law applicable to this case and, finding their recitations of the substantive law and appellate deference to be regarded in this case, we incorporate excerpts from the briefs filed by defendant and claimant respectively.
As this Court is well aware, La.R.S. 23:1221(3) provides that an injured employee is entitled to supplemental earnings *479 benefits where he is unable to earn ninety percent of his pre-injury wages. As an initial matter, the claimant bears the burden of proving by a preponderance of the evidence that he is unable, because of injury, to earn ninety percent of his pre-injury wages. If the employee is able to meet his initial burden, then the burden shifts to the employer to prove the amount of wages the employee is able to earn. The employer may discharge that burden by proving that the employee is able to perform a job and that the job was either offered to the employee or available to the employee in his or the employer's community or reasonable geographic region. Daigle v. Sherwin-Williams Co., 545 So.2d 1007 [1005] (La.1989); Foreman v. West Calcasieu-Cameron Hospital, 625 So.2d 1104, 1107 (La.App. 3 Cir.1993), writ denied, 94-2740, [93] 631 So.2d 450 (La. 1/7/94).
Although claimant does not dispute defendant's appreciation of the applicable law, he contends that the hearing officer did not manifestly err in determining that he could not work more than thirty hours per week. As claimant correctly points out, the manifest error rule is applicable to our review of the hearing officer's finding claimant is entitled to SEB benefits.
In a worker's compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530, p. 4, 630 So.2d 733 (La.1994); Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). Therefore, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Freeman, supra; Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.

Entitlement to supplemental earnings benefits is governed by LSA-R.S. 23:1221(3). In order to recover, the employee must first prove by a preponderance of the evidence that he is unable to earn wages equal to ninety percent or more of the wages he earned before the accident. LSA-R.S. 23:1221(3)(a); Peveto v. WHC Contractors, et al, 93-1402, p. 5-6, 630 So.2d 689 (La.1994); Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989). The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that worker's compensation law is to be liberally construed in favor of coverage. Daigle, supra, 545 So.2d at 1007. "In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." Daigle, supra, 545 So.2d at 1007, quoting Gaspard v. St. Paul Fire & Marine Insurance Co., 483 So.2d 1037, 1039 (La.App. 3d Cir.1985). See, Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993). Once the employee's burden is met, the burden of proof then shifts to the employer, who, if he wishes to contend that the employee is earning less than he is able to earn so as to defeat or reduce supplemental earnings benefits, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region. LSA-R.S. 23:1221(3)(c)(I); Freeman, supra, at p. 7; Daigle, supra, 545 So.2d at 1008-9 [09]; Allen v. City of Shreveport, 618 So.2d 386, 389 (La.1993).
Smith v. La. Dept. of Corrections, 93-1305 at p. 3-5 (La. 2/28/94); 633 So.2d 129, 132-133 (notes omitted).
Applying the foregoing precepts, we cannot say that the hearing officer manifestly erred in concluding that claimant was entitled to SEB benefits based on his ability to earn no more than 30 hours per week.
*480 Defendant maintains that the evidence suggests not only that claimant could return to work, but did return to work. While it is true, as defendant suggests, that claimant did put in some time helping to erect a church, it is apparent that the hearing officer nonetheless determined that claimant could not return to work full-time as he had before his on-the-job injury. There was ample evidence upon which the hearing officer could rationally make such a determination. First, by his own testimony, claimant indicated that he had good days and bad days and could only work a few hours at a time and even then mostly in supervisory capacities. Moreover, his version of the facts was supported by claimant's wife, who not only buttressed claimant's assertion that he only worked two or three hours here and there in the erection of the church, mostly in a supervisory capacity, but she further indicated that her husband's post-injury condition required that she and her children assume many of her husband's former household responsibilities.
Thus, while it is not wholly inconceivable that the hearing officer might have taken claimant's ability and willingness to work on the church to signify his ability to return to work at his former workplace, we cannot say that the hearing officer manifestly erred in her interpretation of the evidence. This interpretation convinced her that claimant could return to work, but could not return to work more than thirty hours per week or earn more than 90% of his pre-injury wages.

PENALTIES AND ATTORNEY'S FEES
Next, we consider defendant's assertion that the hearing officer erred in imposing penalties and attorney's fees, a factual finding which will not be disturbed in the absence of manifest error. Dozier v. Garan's, Inc., 94-1363 (La.App. 3 Cir. 4/5/95); 653 So.2d 137, citing Masters v. Scogin Auto Parts, Inc., 625 So.2d 319 (La.App. 3 Cir. 1993), writ denied, 93-2749 (La.1/7/94); 631 So.2d 450.
We have reviewed the record and can find no such manifest error. While it is uncontroverted that on December 27, 1993, treating physician, Dr. John T. Weiss, requested an MRI of claimant's lumbar spine, the parties disagree as to the date Dr. Weiss actually received approval for the MRI from defendant's third party administrator. According to claimant, neither the MRI requested in December 1993 nor a CAT scan requested in January 1994 were approved until April 1994. As claimant points out, this version of events, if true, would clearly warrant the imposition of penalties and attorney's fees. See Dozier, 653 So.2d 137. Defendant contests this version of the facts, suggesting that it sought an opinion from its orthopedic specialist, Dr. A.E. Dean, as to whether or not the lumbar MRI was medically necessary. Dr. Dean's opinion supporting the need for the MRI was not provided to defendant until February 15, 1994. According to defendant, at this point they passed along Dr. Dean's approval to Dr. Weiss.
Faced with the evidence and the arguments presented by both parties, the hearing officer sided with claimant. We have reviewed the record and find no manifest error in the hearing officer's conclusion, if only because Dr. Weiss's report of February 17, 1994, i.e., two days after authorization was supposedly conveyed to him, stated that "I think we ended up with a CT rather than MRI to be done, but the insurance company has denied same, so far."[1]
Moreover, in the context of a workers' compensation proceeding (where an injured laborer inherently finds himself in a vulnerable position and dependent on his employer for medical expenses and wage replacements attributable to a workplace accident), an employer is imputed with actions or inactions of its agents and will not be exonerated by pointing the guilty finger at its surrogate. Bordelon v. Management Co., Inc., 94-472 (La.App. 3 Cir. 1/11/95); 649 So.2d 1070, writ denied, 95-0346 (La.4/7/95); 652 So.2d 1346; LaHaye v. Westmoreland Cas. *481 Co., 509 So.2d 748 (La.App. 3 Cir.1987). Moreover, even were attorney's fees not due for defendant's tardy reply to Dr. Weiss's request for a MRI, they would be due for the employer's adjusters having contacted Dr. Weiss directly, an allegation by claimant which defendant does not dispute. Contacts by an adverse party or by its representative of a treating physician will not be tolerated, as they strike at the very heart of our system of civil justice. See generally, Boutte v. Winn-Dixie Louisiana, Inc., 95-1123 (La. App. 3 Cir. 4/17/96); 674 So.2d 299.

DECREE
In light of the foregoing, the judgment of the hearing officer is affirmed, at defendant-appellant's costs, with interest from date of judicial demand.
AFFIRMED.
NOTES
[1] Moreover, notwithstanding defendant's profession that Dr. Dean did not authorize the MRI until February, the record shows that by correspondence dated January 10, 1994, Dr. A.E. Dean, Jr. of Shreveport notified Ms. Lori Frances of the third party administrator that he "would probably recommend a lumbar MRI."